[No. 758.   February 22, 1899].

## J. FRED LOHMAN et al., Plaintiffs in Error, v. WILLIAM W. COX et al., Defendants in Error.

### SYLLABUS BY THE COURT.

DECREE—APPEALABLE ORDER—DEFAULT JUDGMENT.—1.—A decree under a bill for the sale of mortgaged property ordering payment of a specific sum of money to plaintiffs, that a master or trustee sell the premises, and permitting the case to pend in the court awaiting the master's report, is a final decree which may be appealed from.

2.—Defendants in a suit at law or in equity have the whole of the last rule day within which to plead, and a default judgment taken prior to the expiration of the whole of that day is void.

*Error*, from a decree for complainants, to the Fifth Judicial District Court, Socorro County.   Reversed and remanded.

The facts are stated in the opinion of the court.

CATRON & GARTNER and J. F. BONHAM for plaintiffs in error.

We insist that the decree was final as between complainants and defendants as to all the property, in any event final as to the personalty.   Potter v. Beal, 5 U. S. App. 83; Grant v. Insurance Co., 106 U. S. 431; Forgay v. Conrad, 6 How. (U. S.) 201; Thompson v. Dean, 7 Wall. 342; Railroad v. Bradley, Id. 575; Grant v. East Co., 2 U. S. App. 182; Central Trust Co. v. Grant, 135 U. S. 221; Farmers Loan & Trust Co., 129 Id. 213; Blossom v. Railroad Co., 1 Wall. 655; Fosdick v. Shawl, 99 Id. 235; Williams v. Morgan, 111 Id. 684; Burnham v. Bowen, Id. 776; Whiting v. U. S. Bank, 13 Pet. 15; Ray v. Law, 3 Cranch 179; Brush Co. v. California Co., 7 U. S. App. 527; Terry v. Sharon, 131 U. S. 46; Bronson v. Railroad Co., 2 Black 529; Trustees v. Greenough, 105 U. S. 527; Central Trust Co. v. Hiawasse Co., 2 U. S. App.; Hill v. Chicago Co., 140 U. S. 54; Prescott R'y Co. v. McCook, 51

U. S. App. 601, and citations. See, also, Tucker v. Yell, 25 Ark. 429; Lewis v. Campo, 14 Mich. 459.

A decree or order directing possessory right, on a preliminary inquiry, is appealable as final. Such orders or decrees are illegal and void. Tawas R. Co. v. Judge, 44 Mich. 482; People v. Simonson, 10 Id. 335; People v. Judge, 31 Id. 456; Selling v. Johnson, 25 Id. 489; McCombs v. Merryhew, 40 Id. 721; Arnold v. Bright, 41 Id. 207; People v. Jones, 33 Id. 303; Maxfield v. Freeman, 39 Id. 65; Merril v. Andrews, 4 Tex. 200; Dodge v. Alice, 27 Minn. 381. See, also, Barr v. Briggs, 22 Mich. 207; Kirby v. Ingersoll, 1 Dougl. 477; Callaghan v. Shaw, 19 Ia. 183; Thomson v. Pickel, 20 Ia. 490; Oatman v. Bond, 15 Wis. 20; In re Fleming, 16 Id. 75; Canal Co. v. Beers, 1 Black (U. S.) 54; State v. Northern R. Co., 18 Md. 193; Thompson's Succession, 14 La. Ann. 810; Blake v. Blake, 80 Ill. 523; Bank v. Rosenthal, 33 Pac. 732.

A sentence of the court pronounced against a party without hearing him or giving him an opportunity to be heard is not entitled to the respect of any court. Windsor v. McVeagh, 93 U. S. 273.

S. B. Newcomb and H. L. Warren for defendants in error.

No judgment or decree will be regarded as final unless all the issues of law and fact necessary to be determined are determined, and the case completely disposed of so far as the court had power to dispose of it. Freem. on Judg. [3 Ed.], sec. 34; McCullom v. Eager, 2 How. (U. S.) 32; Craighead v. Wilson, 18 Id. 199; Ayers v. Carver, 17 Id. 591; Crawford v. Points, 13 Id. 11; Barnard v. Gibson, 7 Id. 650; Freem. on Judg., sec. 36, and citations. See, also, 5 Am. and Eng. Ency. of Law 373; 1 Black on Judg., sec. 24; Mower v. Fletcher, 114 U. S. 128; Brown v. Swan, 9 Pet. (U. S.) 1; Gates v. Salmon, 28 Cal. 320; Peck v. Vandenberg, 39 Id. 11; Williamson v. Field, 2 Barb. 281; Wallace v. Clark, 4 How.

Prac. 78; Sharer v. Gill, 74 Tenn. (6 Lea) 495; Pete v. Mc-
Graw, 21 Wend. 667; Hicks v. Gray, 25 Tex. 82; State
University v. State Nat. Bank, 92 N. C. 651; Randall v. Hard,
19 Soth. Rep. (Ala.) 971; Graham v. Noland, 24 Ky. 328;
Forbes v. Hill, Dall. Dig. 486; Reymond v. Conger, 51 Tex.
536; Ames v. Williams, 19 Soth. Rep. (Miss.) 673; Buel v.
Street, 9 Johns. 443; Parsons v. Robinson, 122 U. S. 112;
Elder v. McCloskey, 70 Fed. Rep. 529; Clark v. Brooks, 2
Abb. Prac. (N. S.) 385; McKeown v. Officer, 127 N. Y.
687; Butler v. Lee, 42 Id. 70; Miller v. Cook, 77 Va. 806;
Beebe v. Russell, 60 U. S. 283; Talley v. Curtain, 58 Fed.
Rep. 4; Ex parte Gilmer, 64 Ala. 234; Nally v. Long, 56 Md.
567.

LELAND, J.—This cause comes into this court on error
to the district court in and for the county of Socorro, on change
of venue from the county of Dona Ana, Third judicial district.

The record in this case discloses the following state of
facts, to wit: that on or about the fourth day of June, 1892,
Patrick Coghlan and Ann Coghlan, his wife, for value exe-
cuted and delivered to one Numa Raymond their promissory
note for $26,795.48, to bear interest at the rate of twelve per
cent per annum, and to become due in two years from date.
To secure the payment of the above described promissory note
the said Patrick Coghlan and Ann Coghlan, his wife, executed
a trust deed for a large amount of real estate and chattel prop-
erty then owned by them (which is particularly described in
said trust deed), and named J. Fred Lohman therein as
trustee; said trust deed fully defined the powers and duties of
the trustee, and also provides that "in case of the death, res-
ignation or removal or absence from the county of Dona Ana,
or refusal or failure or inability of said party of the second
part to act, then the then sheriff of the county of Dona Ana
and territory of New Mexico, shall be and hereby is appointed
and made successor in trust of the said party of the second
part, and in such event the said lands and premises and per-
sonal property shall become vested in such new trustee and all

the powers and authority by this indenture granted to said party of the second part shall pass to and be exercised by the said successor in trust the same to all intents and purposes as if he had been made the party of the second part herein." Said trust was duly and formally accepted by said J. Fred Lohman. Said trust deed was duly filed for record in the recorder's office of Dona Ana county, New Mexico, on the sixth day of June, 1892, at — o'clock a. m. Some time after the execution of said promissory note and trust deed, and prior to July 8, 1897, said promissory note was sold and assigned by the owner Numa Raymond to William W. Cox, which assignment bears date of May 10, 1897. On the tenth day of May, 1897, William W. Cox sold and assigned to Oliver Lee and Fitzgerald Moor each one-third interest in said promissory note. On the eighth day of July, 1897, plaintiffs below filed a bill in the district court of Dona Ana county, territory of New Mexico, setting out the promissory note above described, the trust deed mentioned, and praying for an accounting on the part of the defendant, Lohman, a personal judgment against Patrick Coghlan and Ann Coghlan for balance remaining due after applying the proceeds of the sale of mortgaged property, and also praying for an injunction against defendants J. Fred Lohman, Patrick Coghlan to prevent them from interfering with the mortgaged property. J. Fred Lohman was served with process of subpoena on the eighth day of July, 1897, Patrick Coghlan and Ann Coghlan were served July 10, 1897, and the writ was returnable August 2, 1897. On the fourteenth day of July, 1897, an order to show cause why an injunction should not issue against each of the defendants named was made by the district judge. Said order was made returnable on the tenth day after the service of the order. Defendant Lohman was served July 14, 1897, and Patrick Coghlan and Ann Coghlan were served July 17, 1897. On the twenty-sixth day of July, 1897, the trial judge heard the case on the plaintiff's bill, the answer thereto by J. Fred Lohman, and the affidavits offered by the respective sides, and on the second day of August, 1897, the court rendered a

decree granting the injunction against the defendants, and ordering Patrick Garrett, the sheriff of said county, to sell all of the personal property described in the bill, and directs the time and manner in which the sale shall be made. The court made no specific finding of the amount due on the note and mortgage, but ordered $33,000 of the purchase money paid to plaintiffs.

The decree in effect ousts Lohman from his trust, and decrees Patrick Garrett, the sheriff, to be the trustee. On the seventh day of September, 1897, defendant Lohman filed a motion or petition asking the court to set aside and vacate the aforementioned decree, which petition was not heard by the court, so far as the record shows. On the twenty-second day of September, 1897, defendants jointly filed a motion in said court asking that an appeal be granted them to the supreme court from the decree of August 2, 1897, which said motion was overruled and denied on the thirtieth day of September, 1897; wherefore defendants prosecute error in this court.

The defendants in error have filed a motion to dismiss the writ of error herein for alleged reason "that said writ of error was not taken from a final judgment or decree in this cause."

The first question to be determined in this court is the question raised by the defendants in error, as to whether the decree or judgment complained of is interlocutory or final, and this raises several kindred questions which are apparent on the face of the record. While it is stoutly contended for by counsel for defendants in error that the decree or judgment complained of in this case was an interlocutory decree by reason of which no appeal could be taken or error prosecuted, we are clearly of opinion that the decree was a final decree, and adjudication of the substantive rights of the parties. It is true, this decree was but partial so far as it related to the whole case, but it wholly and definitely settled the following questions for all time to come, so far as language could express it, to wit: That J. Fred Lohman, the original trustee, should be enjoined perpetually from handling or managing the prop-

DECREE: appealable order.

erty which he was then claiming, and effectually installing
Patrick Garrett into the trusteeship by ordering him to sell
said property, thus putting the property entirely out of the
power and control of the court or its officers  The kind of
decree this is, must be determined from its substance and
effect on the rights of the parties to the suit, and not from its
name.  The decree in effect ousts  J. Fred Lohman from his
trust just as effectually as if a suit had been brought in a court
of equity to remove him and the same had decided adversely
to him.   The decree also clothes Patrick Garrett, the sheriff
of the county, with plenary power  as trustee to succeed J.
Fred Lohman, and orders him to do all and singly the things
that the deed of trust authorizes Lohman to do and perform.

In the case of Burke v. Railway Company, 45 O. S. 631,
the court say:

"An order of the court of common pleas, overruling a
motion to dissolve an injunction is an order affecting a sub-
stantial right made in a special proceeding, which may be
reviewed on error by the circuit court."

In the case at bar an injunction was granted when de-
fendant was in court at the time and resisting its issuance.
We think the above case exactly in point with the case at bar,
and that the court there declared the law as it is.

In the case of Baker v. Lehman, Wright's Report, 522
(an Ohio case), the court say that:

"A decree under a bill for the sale of mortgaged prem-
ises, finding the amount due, ordering payment, that a master
sell the premises and continuing the case for the master's
report, is a final decree which may be appealed from.  A decree
is final which is conclusive as to the subject or object of it,
which determines the rights of the parties, as to it that matter
this decree is final as to the complainant's right to charge the
mortgaged premises with his debt and to foreclose the mort-
gagor and other parties of all their equities in favor of the
purchaser.   An appeal after the rule would leave the decree,
determining the right to sell the main matter in controversy
in full operation, unchanged."

This case seems to us in point as to whether the order was final or not. The facts are almost identical; an amount was found due, viz., $33,000, a master was appointed; he was ordered to sell the property, and did sell it, and was ordered to pay $33,000 of the purchase money to the plaintiffs in the suit below. The case of Teaff v. Hewitt, 1 Ohio St. 511-520, and the case of Kelley v. Stanberry, 13 Id. 408-421, strongly support the doctrine laid down in the cases from which we have quoted at some length. We are therefore of the opinion that the decree complained of by the plaintiffs in error is and was a final decree, to all intents and purposes, from which an appeal would lie. Wherefore the motion of defendants in error to dismiss plaintiff's writ of error is overruled and dismissed, and the court retains the case for decision on its merits.

The only question remaining is, was the judgment a valid or void judgment, rendered at the time and in the manner in which it was? The record in this case discloses the fact that the summons served on J. Fred Lohman, Patrick Coghlan and Ann Coghlan was made returnable on the DEFAULT judgment. second day of August, 1897, and the summons, or subpoena as it was then called, required each of these defendants to answer plaintiff's bill on or before August 2, 1897; the defendants were thus given by the court all of the second day of August, 1897, in which to plead, and no action on the merits of the case could be had or taken until August 3, 1897. Between the date of the service of this process of the court and the answer day, August 2, 1897, defendants were each served with a notice returnable at an earlier day than August 2, 1897, requiring them to appear in the same court and show cause why an injunction should not issue against each of them, which hearing was had on the twenty-sixth day of July, 1897, and before defendants had filed their answer to plaintiff's bill, and before their time to plead had expired; the judgment of the court in the matter of the injunction, together with the remainder of the decree,

was entered of record on August 2, 1897. The court at this hearing did not stop when the injunction branch of the case was disposed of, but in effect went on and in effect rendered an absolute decree of foreclosure, and appointed a master and ordered the property sold, and, as before determined, rendered a final decree.

In the case of Lyon v. Randal, 1 W. L. J. 396, the court says "A judgment rendered prematurely is void."

In the case of Williamson v. Nicklin et al., 34 Ohio St. 123, the court says:

"A judgment rendered by default, before the expiration of the day named in the summons for answer, may be reversed on error, and such rendition is not a mistake, neglect or omission of the clerk within the meaning of sections 528 and 529 of the civil code."

The court further says in this case that:

"From these provisions it is manifest that this case never stood for trial in the court of common pleas; that it had no place on the trial docket; that as the last day of an answer had not expired it could rightly have no place on that docket; that the provisions invoked by the plaintiff in error as to the rendition of the judgment before the case stood for trial, have relation to cases in which the day for answer has expired; and that to render judgment under the circumstances disclosed in this record was not merely an irregularity, to be only corrected by motion in the court of original jurisdiction, but an error to correct which the jurisdiction of the district court was properly invoked."

While the above case was decided wholly on the question of a default judgment taken before answer day, it establishes a principle that applies with great force to the case at bar, and we think a controlling principle. The defendants were called into the court below on an order served on them, to show cause why an injunction should not issue against them, and they responded to that notice on the twenty-sixth day of July, 1897, according to the terms of the order, for the purpose of

showing cause why such injunction should not issue, and a hearing was had, as the record discloses, on affidavits and counter-affidavits on the question solely as to whether such injunction should issue or not; the court reserved its decision till August 2, 1897, when it decided not only the question before it on the twenty-sixth day of July, 1897, to wit, the injunction question, but went on in the same decree and treated the defendants as in default for aught the record shows, and rendered a final decree on a part of the merits of the suit, a part of the suit in which no issues were made up, answer day had not expired, and without any trial as to that branch of the case. The order to show cause why an injunction should not issue was purely ancillary to the suit proper and could of course be heard at any time by the court after notice to the parties; this hearing was had and the court had no question matured for decision in the case that could be lawfully decided prior to August 3, 1897, except the question of the granting of an injunction. Each of these defendants had all of August 2, 1897, until midnight of that day, in which to answer or demur, and any judgment rendered prior to that date touching the merits of the suit was and is void.

While the decree complained of recites that the hearing was had on the plaintiffs' bill, the answer thereto of J. Fred Lohman and affidavits, the record disclosed the fact that J. Fred Lohman did not file his answer to the bill until the eighth day of August, 1897, which would have made it impossible for the court to have considered such answer on the twenty-sixth day of July, 1897. We therefore are compelled to infer from the record, as a whole, that the answer alluded to by the court in its decree was J. Fred Lohman's answer to the order to show cause why an injunction should not issue, and not the answer proper to the bill of plaintiff.

From the record before us the case stands as a default judgment rendered by the court, rendered before the time within which to plead had expired, and therefore a premature judgment.

Said decree and judgment is reversed and the cause is remanded to the district court with directions to grant a new trial.

Mills, C. J., and Crumpacker, J., concur; McFie and Parker, JJ., did not sit in this case, having been of counsel.

### SYLLABUS BY THE COURT.